ST. LOUIS, ARK. & TEX. R'Y CO. v. S. P. TUCKER.

(No. 2577.)

APPEAL from Smith County.     Opinion by WILLSON, J.

HERNDON, CAIN & GARRISON, counsel for appellant.

JOHN M. DUNCAN, counsel for appellee.

§ **322.** *Free railroad pass; cannot be revoked, when; case stated.* An agent of appellant company issued to appellee Tucker a pass to travel on appellant's railway from Tyler to Cookeville, appellee agreeing to become a laborer for appellant at the latter place. Appellee boarded appellant's train at Tyler to go to Cookeville, taking his baggage — a valise and its contents — upon the train with him. When the train had proceeded between four and six hundred yards from the depot at Tyler appellee presented said pass to the conductor, who refused to permit him to travel upon it, and stopped the train and put him off, his valise being left upon the train, and which he never recovered. At the time the conductor refused to recognize said pass he informed appellee that it was not valid. It appears that a short time before this occurrence, but prior to the issuance of said pass, an order had been promulgated by appellant company instructing its agents and conductors to refuse to recognize as valid such passes as that held by appellee; but it does not appear that appellee had any knowledge of such order when he went upon the train, but that on the contrary he then believed said pass to be valid. It further appeared that such passes, up to that time, had been rec-

ognized as valid by the conductors and agents of appellant. Appellee brought this suit to recover damages by reason of the premises stated, and recovered judgment for $130 and costs. *Held:* Conceding that the pass was invalid at the time it was presented to the conductor, appellee had no notice of its invalidity when he went upon the train, but believed, and had the right to believe, that it was valid, it having been issued to him by an agent of the company under a special contract. Such being the case, appellant could not rightfully and lawfully eject him from its train, but was bound to carry him to Cookeville. Conceding that said pass was a free pass, issued without value paid therefor, it could not be revoked by the company at any time and under any circumstances. Where, as in this case, a party has been induced by an agent of the company to believe that the pass issued to him is valid, and he goes upon the train believing it to be valid, it would be unjust to exonerate the company from liability for damages resulting directly from a refusal to recognize such pass as valid. Appellant, under such circumstances, was estopped from denying the validity of the pass.

November 26, 1887.                     Affirmed.